IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MARTHA EDWARDS                                                                    PLAINTIFF

V.                                                              CIVIL ACTION NO. 1:10CV30-B-D

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                                          DEFENDANT

## MEMORANDUM OPINION

This cause comes before the court upon the plaintiff's motion to remand. Upon due

consideration of the motion, response, exhibits, and supporting and opposing authority, the court

is ready to rule.

The plaintiff, Martha Edwards, filed this case in the Circuit Court of Clay County,

Mississippi, on August 21, 2009, seeking recovery of uninsured motorist benefits under an

insurance contract with the defendant insurer, State Farm Mutual Automobile Insurance

Company ("State Farm"). The defendant subsequently removed the case to this court, and now

the plaintiff moves to remand asserting that the minimum jurisdictional "amount in controversy"

limit of $75,000, as set forth by 28 U.S.C. § 1332(b), is not met in this case because she does not

seek recovery beyond $74,000 exclusive of interest and costs. The plaintiff does not dispute that

there is complete diversity of citizenship between the parties.

The defendant takes issue with the fact that the plaintiff has either failed or refused to

endorse a "Covenant Not to Execute" which defendant's counsel presented to plaintiff's counsel

attached to a letter dated March 29, 2010. The plaintiff did, however, sign an affidavit attached

to her motion to remand which states, "I am seeking damages in an amount less than $74,000.00

exclusive of interest and costs. Under no circumstances will I accept an amount in excess of

$74,000.00 exclusive of interest and costs." The defendant argues that the plaintiff's assertion is

disingenuous in light of her complaint's demand for "additional contractual damages in an amount in excess of the actual and compensatory damages, punitive damages . . . [and] reasonable attorney's fees . . . ."

It is axiomatic that "the jurisdictional facts that support removal must be judged at the time of the removal." *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (1995). A plaintiff's "post-removal amendment, stipulation, or affidavit which reduces the claim below the requisite amount does not deprive the district court of jurisdiction." *Fontenot v. Samsonite Furniture Co.*, 47 F.3d 425 (5th Cir. 1995). Post-removal affidavits are allowable, however, if they relate to the period of time of removal. *Id.* (citing *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia*, 988 F.2d 559, 565 (5th Cir. 1993) *abrogated on other grounds by Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998)). In *ANPAC*, the Fifth Circuit found that the district court could consider affidavits filed with the plaintiff's motion to remand because in that case the affidavits clarified the complaint, which had left the jurisdictional question ambiguous. *ANPAC*, 988 F.2d at 565. "Under those circumstances, the court is still examining the jurisdictional facts as of the time the case is removed," though considering information submitted after removal in doing so. *Id.*

In the case sub judice, the plaintiff is likewise clarifying a somewhat ambiguous ad damnum clause. As the defendant notes, she prays for "additional contractual damages in an amount in excess of the actual and compensatory damages, punitive damages . . . [and] reasonable attorney's fees . . . ." Since the actual and compensatory damages alleged amount to only $30,000.00, it is reasonable to assume that the plaintiff anticipated her "additional damages," when combined with her actual damages, to amount to no more than $74,000.00.

While the defendant is correct in asserting that Mississippi federal courts have consistently held that claims for unspecified extra-contractual and punitive damages are typically sufficient to meet the "amount in controversy" requirement of Section 1332(b), the plaintiff has now clarified her ad damnum clause to limit her recovery and, in doing so, has effectively divested this court of diversity jurisdiction.

It is clear that the court interprets the plaintiff's affidavit differently than the defendant. The plaintiff represents to the court under oath that she will neither seek nor accept damages in excess of $74,000.00 exclusive of interest and costs. Her affidavit does not qualify the term "damages," and the court understands her use of the term to include *all* damages. The court deems the plaintiff bound by this representation and will grant the motion to remand based on this sworn statement. If at any point in the state court proceedings the plaintiff acts contrary to her assertion, the case will immediately become removable, and this court will entertain jurisdiction at that point.

For the foregoing reasons, the court finds that the plaintiff's motion to remand is well taken and should be granted. A separate order in accord with this opinion shall issue this day.

This, the 29th day of September, 2010.

 */s/ Neal Biggers*
**NEAL B. BIGGERS, JR.**
**SENIOR U.S. DISTRICT JUDGE**